IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WENDAL MILLS | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0935-M-BD |
| | § | |
| CITY OF DALLAS | § | |
| | § | |
| Defendant. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Wendal Mills, a resident of Dallas, Texas, against the City of Dallas. On May 4, 2011, plaintiff tendered a one-page handwritten complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

As best the court can decipher his complaint, plaintiff appears to seek redress in connection with the City's failure to respond to his repeated complaints to the Mayor, the Dallas Police

Department, and other law enforcement agencies that:

> [P]eople use technology on me that allows them to watch me and to physically control me, and that these people were having ASCAP where I'm a member refuse to pay me for the sales and broadcasts of performances by me as an entertainer, and they were having ASCAP refuse to end my ASCAP membership.

(Plf. Compl. at 1).[1]

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his complaint is a "hodgepodge of incoherent ramblings" that have no discernable basis in fact or law. *See Malveaux v. Brice, Linden, Vander & Wernick, P.C.*, No. 3-10-CV-0128-L, op. at 2 (N.D. Tex. Jun. 29, 2010). Dismissal is clearly warranted under these circumstances. *See Perales v. Hedrick*, No. 3-01-CV-2634-L, 2002 WL 172592 at *2 (N.D. Tex. Jan. 31, 2002), *appeal dism'd*, No. 02-10218 (5th Cir. May 17, 2002) (summarily dismissing *pro se* complaint that failed to present a logical set of facts to support any claim for relief).

---

[1] On April 14, 2011, plaintiff sued the American Society of Composers, Authors, and Publishers ("ASCAP") in federal district court. *See Mills v. ASCAP*, No. 3-11-CV-0769-P. That suit remains pending.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 6, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE